# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JUSTIN DERON COLEMAN,** } | |
| } | |
| Petitioner, } | |
| v. } | Case No.: 4:15-cv-00681-MHH-JEO |
| } | |
| **BEN BROOKS, Judge, Circuit Court** } | |
| **in Mobile, et al.,** } | |
| } | |
| Respondents, } | |

## MEMORANDUM OPINION

On June 15, 2015, Chief Magistrate Judge John Ott entered a report and recommendation (Doc. 7) concerning Mr. Coleman's 28 U.S.C. § 2254 habeas petition.[1] In his report, Judge Ott recommended that the Court transfer this action to the United States District Court for the Southern District of Alabama because Mr. Coleman challenges a decision by the Circuit Court of Mobile County, Alabama to revoke his probation and re-impose a state prison sentence. Judge Ott explained to the parties that they had fourteen days in which to file objections to the recommendation. (Doc. 7, pp. 3-4). Neither party has filed objections.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] Mr. Coleman's complaint invokes 42 U.S.C. § 1983. (*See* Doc. 1). On June 5, 2015, Judge Ott entered an order construing Mr. Coleman's complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because Mr. Coleman seeks dismissal of his probation violation and release from custody. (Doc. 5).

When a party makes timely objections to a Report and Recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

When no party objects, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of objections; however, other courts in this Circuit have adopted such a position. *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (N.D. Ala. March 29, 2013) (portions of a report and recommendation "to which no objections is filed are reviewed only for clear error").

The Court has reviewed the record and Chief Magistrate Judge Ott's report and recommendation. (Doc. 7). Applying the clearly erroneous standard, the Court **ADOPTS** the June 15, 2015 report and **ACCEPTS** Judge Ott's recommendation that the Court transfer this action to the United States District Court for the Southern District of Alabama. The Court will enter a separate order consistent with this memorandum opinion.

The Court **DIRECTS** the Clerk to please mail a copy of this memorandum opinion to Mr. Coleman.

**DONE** and **ORDERED** this June 30, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE